

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS

Gerald C. Mann
[XXXXXXXXXX]
ATTORNEY GENERAL

Honorable Houghton Brownlee, Chairman
Committee on Governor's Nominations
The Senate
Austin, Texas

Dear Senator Brownlee:      Opinion No. O-5157
                            Re:  Whether or not the fact that
                                 Mr. Mills is an employee of
                                 the Houston Independent
                                 School District disqualified
                                 him from holding membership
                                 on the Board of Regents of
                                 the State Teachers' College.

We have your request of March 23, 1943, as follows:

"At the request of the Senate of Texas and as Chairman of the Committee on Governor's Nominations, I am directed to submit to you the following question:

"Mr. Hubert L. Mills has been appointed by the Governor as a member of the Board of Regents of the State Teachers Colleges. Mr. Mills is an employee of the Houston Independent Schools, serving in the capacity of Business Manager and not as teacher.

"Does the fact that Mr. Mills is an employee of the Houston Independent School District disqualify him from holding both that employment and membership on the Board of Regents of the State Teachers Colleges?"

Section 40 of Article XVI of the Constitution with respect to dual office-holding is of no importance in the consideration of your question. That Section declares that "No person shall hold or exercise at the same time, more than one civil office of emolument, * * *", with certain exceptions not pertinent here.

It has been uniformly held that where a person, holding one civil office of emolument, accepts another civil office of emolument, he thereby ipso facto vacates the first office upon entering into the second. So that, Section 40 does not prevent the appointment of Mr. Mills, or his acceptacne, of the position as a member of the Board of Regents of State Teachers' Colleges, in any event.

Section 33 of Article XVI of the Constitution deals

Hon. Houghton Brownlee- page 2

with a quite similar situation, but it affects only the right of compensation by the State. That Section declares:

"The accounting officers of this State shall neither draw nor pay a warrant upon the treasury in favor of any person, for salary or compensation as agent, officer or appointee, who holds at the same time any other office or position of honor, trust or profit, under this State or the United States, except as described in this Constitution."

The situation presented by you does not come within any of such exceptions.

It will be noticed this Section does not forbid the holding of such dual offices or positions of honor, trust or profit, under the State or the United States, but it does forbid payment by warrant upon the treasury in favor of such person for salary or compensation whatsoever.

The prohibition of payment in a case coming within that Section applies to both positions. Such a person can draw pay from the State treasury for neither of such positions. (See Opinion No. O-5123, copy herewith).

So that, answering your question specifically, we beg to advise that the fact that Mr. Mills is an employee of the Houston Independent School District does not disqualify him from holding membership on the Board of Regents of the State Teachers' Colleges.

Employment by the Houston Independent School District is not an office, but it is a position of honor, trust, and probably of profit; but the position of membership on the Board of Regents of the State Teachers' Colleges is an office, under the law, within the meaning of Section 33. So that, while there is nothing forbidding Mr. Mills to hold and exercise both the position of employee and the office of member of the Board of Regents at the same time, but in no event may the accounting officers of the State issue or pay a warrant to him as salary or compensation whatsoever as a member of such Board of Regents.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By  /s/ Ocie Speer
Assistant

OS-MR:jrb
APPROVED MAR. 26, 1943
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY BWB, Chairman